UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSE C. LISBOA, JR., | ) | CASE NO. 1:12 CV 422 |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| v. | ) | |
| STATE OF OHIO, et al., | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

INTRODUCTION

On February 21, 2012, Plaintiff *pro se* Jose C. Lisboa, Jr. filed this 42 U.S.C. § 1983 action against the State of Ohio/Attorney General Mike DeWine, Ohio Supreme Court Chief Justice Maureen O'Connor, the Eighth District Court of Appeals (the "Eighth District"), and the Eighth District Court of Appeals Administrative Judge.[1] Lisboa alleges that a prohibition/mandamus action he filed in the Eighth District, seeking to challenge an indictment filed in the Ohio Court of Common Pleas, was dismissed as frivolous by the Eighth District, which contemporaneously found Lisboa be a vexatious litigator under that court's Local Rule 23.[2] Pursuant to that finding, which was based

---

[1] Chief Justice O'Connor and the Eighth District Court of Appeals Administrative Judge were added by Amendments to the Complaint.

[2] *See, State of Ohio ex rel. Joses Lisboa, Jr. v. Judge Nancy A. Fuerst,* Eighth District Court of Appeals Case No. 97856 (February 1, 2012).

on 22 appeals and 7 original actions he filed in a seven year period,[3] Lisboa was prohibited from bringing any further actions or appeals without first obtaining leave and paying the filing fee and security for costs. Lisboa asserts he should have been afforded a hearing by the Eighth District. He seeks an order: declaring Local Rule 23 unconstitutional, enjoining enforcement of the order finding him to be a vexatious litigator, and reinstating his prohibition/mandamus action found to be frivolous by the Eighth District.

Defendants have moved to dismiss for failure to state a claim on the grounds that: 1) the State of Ohio and the Eighth District Court of Appeals are not subject to suit under 42 U.S.C. § 1983, because they are not "persons" subject to suit; see, *Will v. Michigan Dep't of State Police*, 491 U.S. 58(1989); and, 2) there are no allegations connecting Ohio Attorney General Mike DeWine, Chief Justice O'Connor, or the Eighth District Court of Appeals Administrative Judge to Rule 23. ECF Doc. Nos. 5, 18, 20.

### STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint on motion when the plaintiff fails to state a claim upon which relief can be granted. Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*,

---

[3] The United States Court of Appeals for the Sixth Circuit has noted Lisboa's prolific litigation in the state and federal courts. See, *Lisboa v. Camino*, Sixth Cir. Case No. 11-3295.

899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id*. at 1950.

Furthermore, a motion to dismiss should be granted if, on the face of the complaint, there is a bar to relief indicating that the plaintiff does not have a claim.  *Rauch v. Day & Night Mfg.*, 576 F.2d 697, 702 (6th Cir. 1978).  This Court is mindful that *pro se* pleadings are to be liberally construed.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## ANALYSIS

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid  claim.  *See*, *Twombley, at 570, see also Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).  Defendants arguments that  they are either not subject to suit under §1983, or are simply unconnected with Rule 23, are well taken.  Further, to the extent Lisboa seeks to directly challenge the Eighth District's order denying him a writ of prohibition or mandamus, or the companion order finding him to be a vexatious litigator and enjoining him from filing additional actions without leave, his claims are barred by the Rooker-Feldman doctrine.[4]  *Carter v. Burns*, 524 F.3d 796, 799 (6th Cir. 2008) .  Finally, it should be noted that his basic assertion -  that he was entitled to a hearing prior to being declared a

---

[4]   *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also*, *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998).

vexatious litigator and enjoined from filing without leave - is not supported by the case law in this Circuit. *See, e.g.*, *Hill v. U.S. Supreme Court*, 57 F.App'x 254 (6th Cir. 2003) (affirming order summarily enjoining future filings without obtaining leave); *Siller v. Haas*, 21 Fed.App'x 270 (6th Cir. 2001)(litigant summarily enjoined by Circuit from filing further actions without judicial officer certification that any new claims are not frivolous).

## CONCLUSION

For all the foregoing reasons, the Court grants the Motions to Dismiss of Defendants Eighth District Court of Appeals, the Administrative Judge of the Eighth District Court of Appeals, State of Ohio/AG M. DeWine, and Chief Justice Maureen O'Connor. (ECF #'s 18 & 20). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: July 31, 2012